IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JERRY FEICK,<br><br>   Plaintiff,<br><br>vs.<br><br>CURTIS W. YOUNKER, UNNAMED MITCHELL COUNTY SHERIFF DEPUTIES, PEGGY HANSON, UNNAMED EMPLOYEES OF MITCHELL COUNTY CARE FACILITY, CAROLYN NEISS, MARK WALK, PAT CLARK ALEX MEYERS, OLVEN ROHDE, RANDY CONRAD, LOREN NIESS, MITCHELL COUNTY, MITCHELL COUNTY CARE FACILITY,<br><br>   Defendants. | No. C12-2008-LRR<br><br>**ORDER** |

The matter before the court is a "criminal complaint." The clerk's office filed such complaint on February 8, 2012. The plaintiff submits neither the filing fee nor an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Further, the "criminal complaint" submitted by the plaintiff does not comply with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 3 (indicating a civil action is commenced by filing a complaint); *see also* Fed. R. Civ. P. 8 (addressing general rules of pleading). Finally, with respect to the plaintiff's assertion that criminal charges should be brought against the defendants, neither he nor the court have the authority to commence criminal proceedings.

*See e.g., United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) (making clear that it is the executive branch that retains broad discretion to enforce the Nation's criminal laws). If the plaintiff believes a crime occurred, he should consult law enforcement officials, and, after conducting an investigation, those officials may consult with prosecutors to determine whether charges are warranted. Whether to prosecute and what charges to file or bring are decisions that rest in the prosecutor's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S. Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 668, 54 L.Ed.2d 604 (1978); *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009). This court has no power to order the government to prosecute certain individuals. Thus, the plaintiff's claims concerning the filing of criminal charges against the defendant are frivolous. Accordingly, this action is dismissed.

**IT IS SO ORDERED**.

**DATED** this 10th day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA